[Civ. No. 11636. Second Appellate District, Division One.—November 16, 1938.]

W. O. GAMBLE, Appellant, v. EUGENE W. BISCAILUZ, Respondent.

Bernard B. Laven for Appellant.

Everett W. Mattoon, County Counsel, J. H. O'Connor, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

DORAN, J.—This is an action against Eugene W. Biscailuz, as sheriff of Los Angeles County, to recover the sum of $2,900 collected by him on execution from Frank J. McCoy, the defendant in a superior court action entitled "Herbert N. Ellinwood v. Frank J. McCoy" and claimed by the plaintiff herein, W. O. Gamble, by virtue of an alleged garnishment served upon McCoy. Judgment was rendered in favor of the defendant, Eugene W. Biscailuz, and the plaintiff, W. O. Gamble, has appealed.

It appears that on February 23, 1933, said Herbert N. Ellinwood recovered a judgment in the Superior Court of Los Angeles County against Frank J. McCoy. On the following day, to wit, February 24, 1933, Ellinwood assigned said judgment by an instrument in writing to David H. Clark, one of his attorneys, who in turn, on March 30, 1935, assigned the same judgment to one G. V. Irvine, a secretary in the law offices shared by Clark and two other of Ellinwood's attorneys. The assignment to Clark was recorded on February 25, 1933, in the office of the county recorder of Los Angeles County, and, on August 6, 1935, was entered in the office of the county clerk, in the file of said action.

Thereafter, to wit, on October 14, 1935, in an action entitled "W. O. Gamble v. Herbert N. Ellinwood," then pending in said superior court, plaintiff Gamble caused a writ of attachment to be issued, and instructed the sheriff of Los Angeles County to garnishee "that certain debt as evidenced by the judgment in favor of the defendant, Herbert Ellinwood and against Frank McCoy". The writ was served upon

McCoy on that day. McCoy paid to the sheriff the whole amount of the judgment against him, in two checks, one for $3,292.17, the amount necessary to satisfy the garnishment, and the other for the balance due under said judgment. The sheriff, taking the position that by reason of the assignments Ellinwood had divested himself of any interest in the McCoy judgment, paid the whole amount of the money collected, to Clark's assignee. Some eight months later, Gamble, recovering judgment in the sum of $2,900 against Ellinwood, caused an execution to be issued, and sought to have defendant sheriff satisfy the judgment out of the moneys collected from McCoy, which money had already been turned over to Clark's assignee.

The present action was commenced against the sheriff for the amount of Gamble's judgment, based on the theory that the sheriff was in possession of the money by virtue of the above-mentioned payment made by McCoy.

The trial court found, quoting from the findings, that "before the issuance and service of said writ of attachment, . . . the said Herbert N. Ellinwood, for a valuable consideration, assigned, set over and transferred to one D. H. Clark all of his right, title and interest in and to said judgment, and that on or about the 30th day of March, 1935, the said D. H. Clark, for a valuable consideration, assigned, set over and transferred to one G. V. Irvine all of his right, title and interest in and to said judgment. The court finds that at the time of the service of said writ of attachment . . . upon the said Frank J. McCoy, the said Frank J. McCoy was not indebted to the said Herbert N. Ellinwood and did not owe him anything under said judgment but that said judgment had theretofore been assigned to said other parties as heretofore found". The trial court concluded, as a matter of law, that plaintiff Gamble was therefore not entitled to judgment against the sheriff.

█ It is contended in substance by appellant that by reason of the law and the facts the trial court was unwarranted in concluding that as a result of the assignment McCoy was not indebted to Ellinwood at the time of the garnishment.

It should be noted that no claim has been made by appellant that there was anything fraudulent about the assignment, or that it was made without consideration, or with intent to defeat the rights of creditors of Ellinwood. As pointed out by respondent, "the record affirmatively shows

and appellant concedes that at the time of the service of the garnishment any judgment which Ellinwood may have had against McCoy had been assigned to D. H. Clark, and that Clark in turn had made an assignment to G. V. Irvine. The assignment to Clark was entered as well as recorded long before the service of the garnishment. From the moment that the assignment was made to Clark, he as completely displaced Ellinwood as the judgment creditor as if he had been the original plaintiff, and McCoy, after receiving notice of the assignment, was required to treat Clark, or his assignee, as his judgment creditor, and any payment made to Clark or his assignee would have discharged McCoy of his original obligation to Ellinwood and would have entitled him to a complete satisfaction of the judgment against him''.

At the time the garnishment was served upon McCoy, he (McCoy) was no longer indebted to Ellinwood, and hence the garnishment was unavailing. (See *Van Orden* v. *Anderson,* 122 Cal. App. 132 [9 Pac. (2d) 572] ; *Steineck* v. *Haas-Baruch Co.,* 106 Cal. App. 228 [288 Pac. 1104].)

■ It is urged by appellant that inasmuch as the original assignment by Ellinwood to Clark was for attorney's fees, which represented but a portion of the judgment, the balance was held by Clark in trust and was therefore legally subject to attachment. Conceding the validity of the argument, manifestly in order to effectively reach such funds so held by Clark, service of the garnishment upon Clark was essential.

■ Appellant's position is thus stated: ''That when Gamble garnisheed McCoy before McCoy actually paid over any money to Biscailuz, Gamble deprived Clark or his assignee of any right he might originally or otherwise have had to demand payment from McCoy of the whole amount of the judgment due Ellinwood.'' The error in the argument results from the assumption by appellant that the judgment was due Ellinwood, when, in fact and in law, as a result of the assignment, the judgment was due Clark or his assignee. The trial court correctly held in effect that the service upon McCoy of the garnishment did not bind Clark's assignee, and therefore gave rise to no cause of action against the sheriff.

As a result of the conclusions reached herein other contentions raised by appellant are unimportant.

The judgment is affirmed.

York, P. J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.